UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID C. HOBSON and D.C. HOBSON, D.D.S., M.S., a Professional Corporation,

        Plaintiffs,

   v.

ORTHODONTIC CENTERS OF AMERICA, INC. and ORTHODONTIC CENTERS OF CALIFORNIA, INC.,

        Defendants.

NO. CIV. S-02-0886 WBS PAN

ORDER RE: COSTS

----oo0oo----

On November 30, 2004, the court issued an order declaring David C. Hobson and D.C. Hobson, D.D.S., M.S., a Professional Corporation (collectively "Hobson") the prevailing party for purposes of costs recovery. Hobson has submitted an amended bill of costs totaling $96,727.79. Defendants object to: (1) costs for subpoenaing records from third-parties; (2) costs for the videotaping of depositions; (3) the costs for the subpoena and witness fee of Michael Ueltzen; (4) costs associated with photocopying exhibits related to experts' depositions; (5)

1

1  expert witness costs above those allowed by 28 U.S.C. §§ 1920 &
2  1821; (6) costs to prepare and present video deposition
3  transcripts at trial; (7) costs for courier services; (8) costs
4  associated with on-line research charges; (9) costs associated
5  with the mediation before retired Judge Ramirez; and (10) travel
6  costs for Hobson's attorneys.
7           Federal Rule of Civil Procedure 54(d)(1) and Local Rule
8  54-292(f) generally govern the taxation of costs to losing
9  parties, subject to limits set under 28 U.S.C. § 1920.  See 28
10 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P.
11 54(d)(1) ("costs other than attorneys' fees shall be allowed as
12 of course to the prevailing party unless the court otherwise
13 directs . . . ."); L.R. 54-292(f).  However, 28 U.S.C. § 1920
14 does not limit cost recovery where there is explicit contractual
15 authorization to shift additional costs.  <u>Crawford Fitting, Co.</u>
16 <u>v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987).  Instead, the
17 prevailing party may recover whatever costs the contract
18 authorizes him to recover.  See <u>TCBY Sys., Inc. v. RSP Co., Inc.</u>,
19 33 F.3d 925 (8th Cir. 1994)(remanded to district court to
20 determine whether prevailing party's expert witness fees, travel
21 costs and other similar expenses were "reasonable costs" that
22 could be recovered independently of § 1920 in accordance with the
23 language of the parties' franchise agreement).
24          Paragraph 8.10 of the parties' Business Services
25 Agreement states
26          If legal action is commenced by either party to enforce
            or defend its rights under this Agreement, the
27          prevailing party in such action <u>shall be entitled to
            recover its costs </u>and reasonable attorney's fees in
28          addition to any other relief granted.

(emphasis added).  The paragraph expressly authorizes the prevailing party in any legal action between the parties to "recover its costs."  The contractual language does not limit recoverable costs to those recoverable under 28 U.S.C. § 1920.  Rather, the broad language must be interpreted to embrace any costs reasonably incurred in the legal action.  See TCBY Sys., Inc., 33 F.3d at 931("reasonable costs" language in franchise agreement was sufficiently express to avoid § 1920's limitation).  Therefore, Hobson may recover his reasonable costs above and beyond those authorized by 28 U.S.C. § 1920.

Most of defendants' objections go to whether Hobson's costs are recoverable under 28 U.S.C. § 1920.  For reasons noted above, these objections fail.  However, some of defendants' objections can be read to question the reasonableness of the costs incurred.  To this extent, the court will address them individually.

First, defendants object to the taxation of costs Hobson incurred for videotaping depositions on the grounds that such costs are duplicative of those charged to procure stenographic transcripts.  Circuit courts disagree about whether district courts may tax costs for both stenographic transcripts and videotape depositions under 28 U.S.C. § 1920.  Compare Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529 (5th Cir. 2001)(abuse of discretion to tax cost of videotape deposition) and Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993)(same) with Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc., 249 F.3d 1293, 1297 n.5 (11th Cir. 2001)(videotaped depositions may be taxed).  In light of these conflicting

3

interpretations of § 1920, the court does not find it unreasonable to allow such costs independently of the statute. Nor can the court say it was unreasonable to incur costs to prepare the video deposition transcripts for presentation in trial in the event the witnesses were unavailable to testify.

Defendants also object to the taxation of $48.63 in expenses for the subpoena and witness fee of Michael Ueltzen. Hobson's counsel incurred these costs in an effort to have Mr. Ueltzen testify regarding his inability to explain some of OCA's allocations of corporate office expenses. The allocation of such expenses was central to the case. The court eventually excluded Mr. Ueltzen's testimony from Hobson's case in chief. But these costs were incurred before the testimony was excluded. Therefore, the costs are not unreasonable.

Lastly, defendants object to taxing witness fees for Professor Robert Gartrell and Debbie Best because they did not testify at trial. However, Mr. Gartrell was to be a rebuttal witness to Mr. Ueltzen whom defendants elected not to call as a witness. Because Hobson could not have foreseen that OCA would not call Mr. Ueltzen, it was not unreasonable to retain Mr. Gartrell for his expertise.

Similarly, Ms. Best's services were retained before trial in order to evaluate the merits of one of Hobson's claims. After Ms. Best had produced an expert report and testified at her deposition, Hobson ultimately chose to forego that claim. The fact that Ms. Best's services led Hobson to focus on other stronger claims at trial does not make the retention of Ms. Best's services unreasonable. Hobson cannot be faulted for

taking expert opinion into account before making an argument at trial. Therefore, these expert witness fees are reasonable.[1]

After reviewing the bill, the court finds all other costs to be reasonable as well and allows:

```
Fees of the Clerk                           $   150.00
Fees for Service of Summons & Subpoena      $ 2,146.89
Court Reporter Fees                         $16,409.57
Witness Fees                                $    97.26
Fees for exemplifications and copies        $ 1,949.48
Other costs                                 $75,974.59
```

**TOTAL:**                                  **$96,727.79**

IT IS SO ORDERED.

Dated: April 20, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Defendants do not challenge the reasonableness of expert witness fees expended on Jeffery Rogers from Perry-Smith L.L.P. They only argue that they are not recoverable under 28 U.S.C. § 1920.

5