UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID C. HOBSON and D.C. HOBSON, DDS, MS, a professional corporation, | |
| | NO. CIV. S-02-0886 WBS PAN |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: ATTORNEY'S FEES |
| ORTHODONTIC CENTERS OF AMERICA, INC. and ORTHODONTIC CENTERS OF CALIFORNIA, INC., | |
| Defendants. | |

----oo0oo----

Currently before the court is plaintiffs David C. Hobson and D.C. Hobson, DDS, MS, a professional corporation (collectively "Hobson") motion for attorney's fees after appeal.

I.   Factual and Procedural Background

Hobson brought this action against defendants Orthodontic Centers of America, Inc. and Orthodontic Centers of California, Inc. (collectively "OCA") for (1) declaratory relief, (2) breach of contract, (3) breach of fiduciary duty, (4) unfair business practices, and (5) money had and received.  OCA

1

1  counterclaimed for (1) specific performance, (2) breach of
2  contract, (3) conversion, (4) promissory estoppel, (5) unjust
3  enrichment, (6) quantum meruit, and (7) money had and received.
4  On summary judgment, this court dismissed OCA's promissory
5  estoppel claim.  The rest of the parties' claims were tried, with
6  the exception of Hobson's claim for money had and received, which
7  was dismissed at trial.

8         After a fourteen-day trial, the jury awarded Hobson
9  $82,594 on his breach of contract claim and rejected OCA's
10 contract and conversion claims. (Sept. 14, 2004 Am. J.).
11 Hobson's fiduciary duty claim was also rejected.  (Id.)
12 Thereafter, this court held a hearing on OCA's remaining claims
13 and awarded OCA $194,500 plus interest for rent paid after Hobson
14 terminated his contract with OCA.  (Id.)  The court gave Hobson
15 the choice of either returning the furniture, fixtures, and
16 equipment Hobson had retained in his offices or paying OCA
17 $106,828 plus interest in restitution.  (Id.)

18         On November 29, 2004, this court held that Hobson was
19 the "prevailing party" under the parties' Business Services
20 Agreement ("the Agreement") for purposes of attorney's fees and
21 costs and awarded him attorney's fees in the amount of
22 $485,022.00.  OCA appealed, and on January 29, 2007, the Ninth
23 Circuit affirmed this court's judgment.  Hobson v. Orthodontic
24 Ctrs. of Am. Inc., No. 05-15105, 2007 U.S. App. LEXIS 2202 (9th
25 Cir. Jan. 29, 2007).  On February 22, 2007, the Ninth Circuit
26 denied OCA's petition for a rehearing.  (See Court of Appeals No.
27 05-15105 Docket.)

28         Hobson filed a motion to transfer consideration of

2

1  attorney's fees on appeal to this court on March 9, 2007.  (Id.)
2  On March 13, 2007, Hobson filed this motion for attorney's fees
3  in the amount of $54,387.50.  (Id.)  The Ninth Circuit granted
4  Hobson's motion to transfer the attorney's fees motion to this
5  court on March 30, 2007.  (Id.)

## II. Discussion

### A. Timeliness

OCA objects to this court's consideration of Hobson's motion for attorney's fees and costs on the ground that it was not filed within the 14 day period set forth in Ninth Circuit Rule 39-1.6, and that Hobson's excuses do not constitute good cause.  OCA argues that the Ninth Circuit's transfer of Hobson's motion for attorney's fees and costs to this court did not "sanitize" Hobson's late-filing.  OCA cites Cummings v. Connell for the proposition that "Rule 39-1.8 authorizes [the Ninth Circuit] to transfer a timely-filed fees-on-appeal request to the district court for consideration."  402 F.3d 936, 947-948 (9th Cir. 2005).  However, in Cummings, the Ninth Circuit vacated a district court's order awarding attorney's fees because the party seeking attorney's fees never filed their request with the Ninth Circuit.  Accordingly, the Ninth Circuit never transferred the request to the district court.  Cummings does not apply here, however, because in this case the Ninth Circuit did transfer the attorney's fees motion to this court.

Ninth Circuit Rule 39-1.8, which governs the request for transfer of attorney fee's motions, reads:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration

3

of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

Ninth Cir. Rule 39-1.8. Because OCA filed a timely petition for rehearing, Rule 39-1.6 requires that a request for attorney's fees be filed "within 14 days after the court's disposition of such petition or filing." Ninth Cir. Rule 39-1.6.

Here, Hobson sent his request for transfer one day prior to the 14-day deadline. However, Hobson's request was not filed by the clerk until one day after the 14-day period elapsed. Federal Rule of Appellate Procedure 25(a)(2)(A) notes that "filing is not timely unless the clerk receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A). However, Fed. R. App. P. 26(b) allows the extension of a time period for good cause. Fed. R. App. P. 26(b). Although a court may not extend the time to file certain documents, such as notice of appeal, a motion for attorney's fees and a motion for transfer do not have that restriction. Id. "The exercise of that discretion is especially appropriate [where] there is no suggestion of prejudice." Hutchinson v. Pfeil, 211 F.3d 515, 518 (10th Cir. 2000) (citing Hammett v. Seastrunk, 365 F.2d 232, 233 n.2 (4th Cir. 1966)).

Hobson's attorney was on vacation when the court denied OCA's petition for rehearing, and did not receive notice of the Ninth Circuit's action until March 5, 2007. This court finds that Hobson proceeded diligently upon learning that OCA's petition for a rehearing was denied and fails to see the prejudice caused to OCA by the one-day delay. Therefore, this court excuses any tardiness on the part of Hobson.

4

1  OCA even if the late-filing of Hobson's motion to
2 transfer is excused, there was no excuse for Hobson's failure to
3 file the motion for attorney's fees itself within the 14 days
4 allowed by Ninth Cir. Rule 39-1.6.  That motion was filed on
5 March 13, 2007, and only out of an abundance of caution.  The
6 expiration of the 14-day period was March 8, 2007.  Ninth Circuit
7 Rule 39-1.8 only requires that a motion to transfer consideration
8 of attorney's fees be filed within the 14-day period.  When a
9 motion to transfer is filed, it is not clear that the attorney's
10 fees motion itself has to be filed at all with the Ninth Circuit.
11 Cummings held only that the absence of the transfer meant that
12 the district court was not authorized to rule on the request for
13 appellate attorney's fees.  402 F.3d at 948.
14  Should Circuit Rule 39-1 also require that Hobson
15 timely file a motion for attorney's fees in the Ninth Circuit,
16 this court finds good cause for Hobson's delay under Federal Rule
17 of Appellate Procedure 26(b) because no prejudice resulted to
18 OCA.  OCA was able to fully brief and present oral argument of
19 the matter on the merits.  Indeed, at oral argument, OCA spent
20 little time discussing its substantive objections Hobson's
21 request for appellate attorney's fees.

    B.   Applicable Law

         Section 8.10 of the Agreement between the parties
provides that:

> [i]f a legal action is commenced by either party to
> enforce or defend its rights under this Agreement, the
> prevailing party in such action shall be entitled to
> recover its costs and reasonable attorneys' fees in
> addition to any other relief granted.

When sitting in a diversity case, a federal court applies the law

of the forum state regarding an award of attorney's fees. <u>See</u>, e.g., <u>Kona Enter., Inc. v. Estate of Bernice Pauahi Bishop</u>, 229 F.3d 877, 883 (9th Cir. 2000). Under California law, "[California Civil Code §] 1717 is the applicable statute when determining whether and how attorney's fees should be awarded under a contract." <u>Sears v. Baccaglio</u>, 60 Cal. App. 4th 1136, 1157 (1998).

Under § 1717, the prevailing party is "the party who recover[s] the greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1); <u>Sears</u>, 60 Cal. App. 4th at 1143. The Ninth Circuit has affirmed this court's determination, pursuant to § 1717, that Hobson is the prevailing party. <u>Hobson</u>, 2007 U.S. App. LEXIS 2202 at *4. "A contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial." <u>Cirimele v. Shinazy</u>, 134 Cal. App. 2d 50, 52 (1955) (citing <u>Hahn v. Hahn</u>, 123 Cal. App.2d 97, 103 (1954)).

C.   <u>Lodestar Calculation</u>

Under California law, "the fee setting inquiry . . . ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." <u>PLCM Group, Inc. v. Drexler</u>, 22 Cal. 4th 1084, 1095 (2000).

1.   <u>Reasonable Hourly Rates</u>

The reasonable hourly rate is determined with reference to that prevailing in the community for similar work. <u>Id.</u> (citation omitted). One attorney, Matthew Bradford, and one law clerk, Paul Dolberg, worked on the appeal of this case for Hobson. Matthew Bradford billed Hobson at the rate of **$235** per

6

hour, and Paul Dolberg billed at **$125** per hour. (<u>See</u> Bradford's Decl. in Supp. of Pls.' Mot. for Atty's Fees After Appeal ¶¶ 11-12; Malm's Decl. in Supp. of Pls.' Mot. for Atty's Fees ¶¶ 1-4; Rios' Decl. in Supp. of Pls.' Mot. for Atty's Fees ¶¶ 1-4.)  OCA does not contest the hourly rates claimed by Hobson's attorney, and the court finds those rates to be reasonable.

### 2. <u>Reasonable Hours Expended</u>

Under California law, a court determining the number of hours reasonably expended on a case "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1132 (2001) (quoting <u>Serrano v. Priest</u>, 20 Cal. 3d 25, 48 (1977)).

Hobson's attorney has requested compensation for 241.5 hours of work.[1]  OCA objects to several entries on the ground that under the Federal Rules of Appellate Procedure, Hobson may only be reimbursed for fees incurred in the court of appeals. OCA's objections can be classified into two categories: (1) work concerning whether this court's judgment would be stayed during the pendency of the appeal[2] and (2) work concerning OCA's bankruptcy and the effect of that bankruptcy on the execution of this court's judgment.[3]

---

[1] Matthew Bradford worked 220 hours and Paul Dolberg worked 21.5 hours. (<u>See</u> Pls.' Am. Mot. in Supp. of an Award of Atty's Fees Detailed Chart of Att's Fees at 6.)

[2] Detailed Chart of Attorney's Fees by Plaintiffs Nos. 7, 8, 9, 12, 13, 15, 16, 20, 21, 22, 23, 24, 26, and 27.

[3] Detailed Chart of Attorney's Fees by Plaintiffs Nos. 51, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 101.

7

1        OCA's cited authority does not support the proposition
2   that only fees incurred in the court of appeals may be reimbursed
3   in this case.  In Stevedoring Servs. of Am. v. Price, the Ninth
4   Circuit denied a request for attorney's fees pursuant to
5   Longshore and Harbor Workers Compensation Act ("LHWCA"), 33
6   U.S.C. § 928(a), because the "Federal Rules of Appellate
7   Procedure solely govern proceedings in the courts of appeals and
8   therefore provide no authority for us to award costs for
9   proceedings in the Supreme Court."  432 F.3d 1112, 1114 n.1 (9th
10  Cir. 2006).  Because § 928(c) states that a court "'may approve
11  an attorney's fee for the work done before it by the attorney for
12  the claimant,'" the Ninth Circuit disallowed an award for work
13  done before the Supreme Court.  Id. at 1113-14 (citing 33 U.S.C.
14  § 928(c)) (emphasis in original).  However, when sitting in
15  diversity, a federal court applies the law of the forum state
16  regarding an award of attorney's fees.  Kona Enter., 229 F.3d at
17  883.  In California, contract attorney's fees clauses allow for
18  reimbursement for services rendered on appeal.  Cirimele, 134
19  Cal. App. 2d at 52 (citing Hahn, 123 Cal. App. 2d at 103).

20       Nevertheless, the court must "carefully review" and
21  ensure that all claimed work was "rendered upon appeal." Ketchum,
22  24 Cal. 4th at 1132 (citing Serrano, 20 Cal. 3d at 48); Cirimele,
23  134 Cal. App. 2d at 52 (citing Hahn, 123 Cal. App. 2d at 103).
24  Whether this court's judgment was to be stayed during the
25  pendency of the appeal clearly relates to the appellate
26  proceedings in this case.  OCA's appeal necessitated work by
27  Hobson's attorney on securing a supersedeas bond from OCA during
28  the pendency of that appeal.  (See Detailed Chart of Attorney's

8

Fees by Plaintiffs Nos. 7, 8, 9, 12, 13, 15, 16, 20, 21, 22, 23, 24, 26, and 27.)  Hobson secured a bond $270,360 in this court on January 27, 2005.  (January 27, 2005 Order 4.)  The court will therefore allow reimbursement for these fee entries.

OCA also objects to billing entries related to OCA's bankruptcy.  During the pendency of the appeal, OCA filed a complaint in the Superior Court of California for the County of San Joaquin, alleging breach of promissory notes, money had and received, and quantum merit.  OCA removed that case to this court, pursuant to 28 U.S.C. §§ 1441, 1452, and Fed. R. Bankr. P. 9027, because it related to a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana. On January 9, 2007, this court denied OCA's motion to transfer to the Louisiana Bankruptcy Court.  <u>Orthodontic Ctrs. of Cal., Inc. v. Hobson</u>, No. 06-1805, 2007 U.S. Dist. LEXIS 5279 (E.D. Cal. Jan. 9, 2007).

Although the bankruptcy matter related to OCA's appeal of this court's judgment, the services of Hobson's attorney in connection with the bankruptcy matter cannot be deemed to be rendered on the appeal.  The bankruptcy case remains on-going. In response to OCA's objection, Hobson affirms that none of the requested fees relate the bankruptcy matter or matter decided by this court in January.  Instead, that work related to whether the appeal could proceed given OCA's bankruptcy and some filings with the appellate court showing that the bankruptcy automatic stay had been lifted.  (Bradford Reply Decl. ¶ 12.)  Moreover, these fees were mostly incurred between March and August, 2006, lending credibility to Hobson's attorney's declaration that none of the

9

1  fees were incurred in connection with the bankruptcy matter in
2  Louisiana or the matter removed and still pending in this court.
3  (See Detailed Chart of Attorney's Fees by Plaintiffs Nos. 51, 76,
4  77, 78, 79, 80, 81, 82, 83, 84, 85, and 101.)  Accordingly,
5  reimbursement for these fee entries will be allowed.
6       Given that the court has reviewed the fee bills
7  submitted by Hobson and found that Hobson's attorney expended a
8  reasonable amount of hours on the litigation underlying this
9  motion, and that no apportionment is necessary, the court
10 determines that Hobson's request for compensation of 241.5 hours
11 of work is reasonable.
12           iii. Adjustments To The Lodestar Figure
13      After performing the lodestar calculations, the court
14 must "consider whether the total fee award so calculated under
15 all of the circumstances is more than a reasonable amount and, if
16 so, [must] reduce the . . . award so that it is a reasonable
17 figure."  PLCM Group, 22 Cal. 4th at 1095-96.  To make this
18 determination, the court considers "a number of factors,
19 including the nature of the litigation, its difficulty, the
20 amount involved, the skill required in its handling, the skill
21 employed, the attention given, the success or failure, and other
22 circumstances of the case."  Id. at 1096 (quoting Melnyk v.
23 Robledo, 64 Cal. App. 3d 618, 623-624 (1976)).
24      Multiplying the reasonable hours expended by Hobson's
25 attorney by the hourly rates approved by the court, the lodestar
26 figure amounts to $54,387.50.  The table below illustrates this
27 calculation:
28 ///

10

| Attorney | Time Billed | Hourly Rate | Total |
|---|---|---|---|
| **Attorney** | **Time Billed** | **Hourly Rate** | **Total** |
| Matthew Bradford | 220 hours | x $235 = | $ 51,700.00 |
| Paul Dolberg | 21.5 hours | x $125 = | $  2,687.50 |
|  |  | **Total   =** | **$ 54,387.50** |

In preparing their case, Hobson's attorneys had to sort through voluminous documents.  In this court's previous attorney's fees order, the court noted that the issues at the trial were sophisticated and could only be conveyed to the jury by skilled attorneys.  (November 29, 2004 Order 10.)  The court held, "Given the nature and difficulty of this litigation, the number of hours reasonably expended by Hobson's attorneys, the skill demonstrated by those attorneys, and Hobson's overall victory on the contract claims, the court finds that the lodestar figure need not be adjusted."  (Id.)  The court did not observe the work of Hobson's attorney on appeal.  However, the court has no reason to doubt--nor has OCA argued--that the level of skill employed was materially different such that the lodestar should be adjusted.  Therefore, the court will award Hobson $54,387.50 in attorney's fees.

IT IS THEREFORE ORDERED that plaintiffs' motion for attorney's fees be, and the same hereby is, GRANTED in the amount of $54,387.50.

DATED:  June 19, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE