```
                        UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA


                                ----oo0oo----

DAVID C. HOBSON and D.C.
HOBSON, DDS, MS, a
professional corporation,

        Plaintiffs,            NO. CIV. S-02-0886 WBS PAN
                               NO. CIV. S-06-1805 WBS EFB
                               CONSOLIDATED
    v.
                               ORDER

ORTHODONTIC CENTERS OF
AMERICA, INC. and ORTHODONTIC
CENTERS OF CALIFORNIA, INC.,

        Defendants.
_____
ORTHODONTIC CENTERS OF
CALIFORNIA, INC.,

        Plaintiff,

    v.

DAVID C. HOBSON, D.D.S., M.S.
and D.C. HOBSON, D.D.S., M.S.,
a professional corporation,

        Defendants.

                                ----oo0oo----
```

1

       Hobson is entitled to recover the full amount of the judgment in his breach of contract action against OCA and OCC. In return, OCA is entitled to recover the amounts owed by Hobson on the three underlying promissory notes. Hobson has always acknowledged liability on the notes and has asked only that the amounts due on the notes be applied as a setoff against his recovery for the breach of contract.

       OCA and OCC have steadfastly refused Hobson's offers to offset their claims on the promissory notes against his judgment in the breach of contract action. Instead, OCC filed a complaint to recover on the promissory notes in the California Superior Court in San Joaquin County. Then OCC filed bankruptcy, and while the automatic stay prevented Hobson from asserting his offset, OCC moved for summary judgment in the state case. Before the state court could dispose of this matter, OCC removed the case to this court on the grounds that it is a "core proceeding" in the bankruptcy. OCC then filed a motion to transfer venue of this case to the United States Bankruptcy Court for the Eastern District of Louisiana, which this court denied on January 9, 2007. (January 9, 2007 Order 5.)

       OCA and OCC's goal in throwing all of these procedural hurdles in the way of Hobson's efforts to offset these claims is transparent. The $270,360 bond posted by OCA in Case No. Civ. S-02-0886 would be insufficient to satisfy Hobson's total judgment for $444,538.88.[1] OCA and OCC hope to satisfy their own judgment

---

[1] The court adopts the calculation in Exhibit J to the Declaration of Matthew C. Bradford for the interest on the judgment in Case No. Civ S-02-0886 through August 6, 2007. As of

2

for $104,662.45[2] on the notes by levying on Dr. Hobson's assets, and then force him to find a way to satisfy the balance due on his judgment against them – a task which they obviously intend to make as difficult as possible.

       Fairness and equity dictate that these claims be offset against each other. The claims arise out of the same set of underlying facts and contractual obligations and are due to and from the same parties. The gamesmanship must end sometime, and that time is now. OCA and OCC are cautioned against making any futile motions for reconsideration of this order. It is the considered judgment of this court, after considering all of the arguments raised by counsel. If OCA and OCC believe it is entered in error, they of course may exercise their right of appeal.

---

August 6, 2007, the judgment owed the Hobson's in Case No. Civ. 02-0886 was $443,323.69.

      28 U.S.C. § 1961 provides that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The interest rates for the relevant period are
4.78% for the week ending August 10, 2007
4.44% for the week ending August 17, 2007
4.16% for the week ending August 24, 2007.
      Applying the Federal Reserve rate on the following schedule 4.78% for 4 days, 4.44% for 7 days, and 4.16% for 12 days, the average daily interest rate for these twenty-three days is 4.35%, resulting in a daily increase of Hobson's judgment in Case No. Civ. 02-0886 of $52.83 or an increase of $1,215.19.

   [2]   The court adopts the calculation in Exhibit H to the Declaration of Matthew C. Bradford for the interest on the promissory notes through August 6, 2007. The combined interest on the promissory notes due OCC is $21.02 per day. The court accordingly awards a further $483.46 on the promissory notes to account for the twenty-three extra days from August 6, 2007 to the date of this order.

3

1    IT IS THEREFORE ORDERED that:

2    (1) Cases No. Civ. S-02-0886 and S-06-1805 are hereby
3 CONSOLIDATED.

4    (2) Hobson's motion for summary judgment in Case No.
5 Civ. S-06-1805 is GRANTED, and judgment shall be entered against
6 Hobson in amount of $104,662.45 in that action.

7    (3) Hobson's request to offset the judgment against him
8 in Case No. Civ. S-06-1805 against the judgment in Case No. Civ.
9 S-02-0886 in which OCA and OCC are the judgment debtors and
10 Hobson is the judgment creditor is GRANTED.  The $104,662.45
11 judgment in Case No. S-06-1805 is ordered off-set against the
12 $444,538.88 judgment in Case No. Civ. S-02-0886.  The resulting
13 net judgment in favor of Hobson in these consolidated actions is
14 therefore $339,876.43.

15    (4) plaintiffs' motion for enforcement of judgment
16 against security in Case No. Civ. S-02-0886 is hereby GRANTED.

17    LET JUDGMENT BE ENTERED ACCORDINGLY.

18 DATED:  August 29, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE